IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARDIAC TELECOM CORPORATION. and CRITICARE SYSTEMS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CARDIONET, INC., <br><br> Defendant. | Civil Action No. 04-1630 <br><br> The Honorable Joy Flowers Conti <br> Magistrate Judge Lisa Lenihan |

### PROTECTIVE ORDER

AND NOW, this ___12th___ day of ___Dec.___, 2005, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following Protective Order is entered by the Court:

**Proceedings and Information Governed**

1.   This Order and any amendments or modifications hereto ("Protective Order") shall govern any document, information or other thing furnished by any party, to any other party, and includes non-parties who receive a subpoena in connection with this action. The information protected includes, but is not limited to, answers to interrogatories, answers to requests for admission, responses to requests for production of documents, deposition transcripts and videotapes, depositions exhibits, and other writings or things produced, given, or filed in this action that are designated by a party as "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL ATTORNEY EYES ONLY INFORMATION" in accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries,

descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

**Designation and Maintenance of Information**

2.  For purposes of this Protective Order, (a) the "Confidential Information" designation shall mean that the document or thing is comprised of or contains trade secrets or commercial information which is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Fed.R.Civ.P. 26(c)(7), or other information required by law or agreement to be kept confidential; and (b) the "Confidential Attorney Eyes Only Information" designation shall mean that the document or thing is comprised of information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, and other sensitive trade secret information, or information capable of being utilized for the preparation of prosecution of a patent application dealing with such subject matter. Confidential Information and Confidential Attorney Eyes Only Information does not include, and this Protective Order shall not apply to, information that is already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

3.  Documents and things produced during the course of this litigation within the scope of paragraph 2(a) above may be designated by the producing party as containing Confidential Information by placing on each page and each thing a legend substantially as follows:

2

## CONFIDENTIAL INFORMATION
## SUBJECT TO PROTECTIVE ORDER

(a) Documents and things produced during the course of this litigation within the scope of paragraph 2(b) above may be designated by the producing party as containing Confidential Attorney Eyes Only Information by placing on each page and each thing a legend substantially as follows:

## CONFIDENTIAL ATTORNEY EYES ONLY INFORMATION
## SUBJECT TO PROTECTIVE ORDER

(b) A party may designate information disclosed at a deposition as "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL ATTORNEY EYES ONLY INFORMATION" by requesting the reporter to so designate the transcript or any portion thereof at the time of the deposition. If no such designation is made at the time of the deposition, any party shall have fourteen (14) calendar days after the date of the deposition to designate, in writing to the other parties and the reporter, whether the transcript or any portion thereof is to be designated as "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL ATTORNEY EYES ONLY INFORMATION". If no such designation is made at the deposition or within fourteen (14) calendar days (during which period the transcript shall be treated as Confidential Attorney Eyes Only Information), the entire deposition will be considered devoid of Confidential Information or Confidential Information Attorney Eyes Only Information. Each party and the reporter shall attach a copy of any final and timely written designation notice to the transcript and each copy thereof in its possession, custody or control, and the portions designated in such notice shall thereafter be treated in accordance with this Protective Order.

(c)     It is the responsibility of counsel for each party to maintain materials containing Confidential Information or Confidential Attorney Eyes Only Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

(d)     If a party produces native electronic files (e.g., an Excel spreadsheet) in response to a discovery request, the party may designate such files as Confidential Information or Confidential Attorney Eyes Only Information by labeling the disk or other medium through which the files are transferred. A party receiving such electronic files shall maintain confidentiality for such files and the information in those files in accordance with this Protective Order.

**Inadvertent Failure to Designate**

4.     The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing party from designating such information as confidential or privileged at a later date in writing and with particularity. The information shall be treated by the receiving party as confidential or privileged from the time the receiving party is notified in writing of the change in designation.

**Challenge to Designations**

5.     The receiving party may challenge a producing party's designation at any time. A receiving party disagreeing with a designation may request in writing that the producing party change the designation. The producing party shall then have ten (10) business days after receipt

4

of a challenge notice to advise the receiving party whether or not it will change the designation. If the parties are unable to reach agreement and after conference required under Local Rule 37.1, the receiving party may at any time thereafter seek a Court Order to alter the confidential status of the designated information. Until any dispute under this paragraph is ruled upon by the Court, the designation shall remain in full force and effect and the information shall continue to be accorded the confidential treatment required by this Protective Order.

**Disclosure and Use of Confidential Information**

6.  Information designated as "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL ATTORNEY EYES ONLY INFORMATION" may only be used by the receiving party for purposes of preparation, trial and appeal of this action. Confidential Information or Confidential Attorney Eyes Only Information may not be used under any circumstance by the receiving party for prosecuting any patent application, for trade licensing or any other purpose.

7.  Confidential Information may be disclosed by the receiving party only to the following individuals provided that such individuals are informed of the terms of this Protective Order: (a) up to five (5) employees or officers of the receiving party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions; (b) two (2) in-house counsel; (c) outside counsel for the receiving party; (d) supporting personnel employed by (b) and (c), such as paralegals, legal secretaries, data entry clerks, legal clerks and private photocopying services; (e) experts and consultants; and (f) any persons requested by counsel to furnish services such as document coding, image scanning, mock trials, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents. Before receiving Confidential Information, recipients

listed in subparagraphs (a), (b) and (e) of this paragraph shall be required to sign a Confidentiality Agreement in the form attached as "Exhibit A." Counsel for the receiving party shall maintain copies of these signed agreements for inspection should a dispute arise as to handling of Confidential Information.

8.  Subject to paragraph 9 below, Confidential Attorney Eyes Only Information may be disclosed by the receiving party only to the following individuals provided that such individuals are informed of the terms of this Protective Order: (a) two (2) in-house counsel who are identified by the receiving party; (b) outside counsel for the receiving party; (c) supporting personnel employed by (a) and (b) such as paralegals, legal secretaries, data entry clerks, legal clerks, private photocopying services; (d) experts or consultants; and (e) those individuals designated in paragraph 11(c) below.

9.  Prior to disclosing Confidential Attorney Eyes Only Information to a receiving party's proposed expert or consultant, the receiving party shall provide to the producing party a signed Confidentiality Agreement in the form attached as "Exhibit A", the resume or curriculum vitae of the proposed expert or consultant, the expert or consultant's business affiliation, and any current and past consulting relationships in the industry. The producing party shall thereafter have ten (10) business days from receipt of the Confidentiality Agreement to object to any proposed individual. Such objection must be made for good cause and in writing, stating with particularity the reasons for objection. Failure to object within ten (10) business days shall constitute approval. If the parties are unable to resolve any objection and after consultation in accordance with Local Rule 37.1, the receiving party may apply to the Court to resolve the matter. There shall be no disclosure to any proposed individual during the ten (10) business day

objection period, unless that period is waived by the producing party, or if any objection is made, until the parties have resolved the objection or the Court has ruled on any resultant motion.

10. Confidential Information or Confidential Attorney Eyes Only Information may be disclosed to a person not already allowed access to such information under this Protective Order if:

(a) the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a Rule 30(b)(6) designee;

(b) the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or,

(c) counsel for the party designating the material agrees that the material may be disclosed to the person. In the event of disclosure under this subparagraph, only the reporter, the person, his or her counsel, the judge and persons to whom disclosure may be made and who are bound by this Protective Order, may be present during the disclosure or discussion of Confidential Information. Disclosure of material pursuant to this subparagraph shall not constitute a waiver of the confidential status of the material so disclosed.

**Non-Party Information**

11. The existence of this Protective Order shall be disclosed to any person producing documents, tangible things or testimony in this action who may reasonably be expected to desire confidential treatment of such documents, tangible things or testimony. Any such person may designate documents, tangible things or testimony confidential pursuant to this Protective Order.

7

**Filing Documents with the Court**

12. In the event that any party to this action or any third-party wishes to submit Confidential Information to the Court, such a submission shall be handled as follows:

(a) A version of the filing that redacts all Confidential Information shall be filed with the Court electronically by using the Court's Electronic Filing System. The redacted version shall indicate where the Confidential Information was redacted;

(b) In addition to filing a redacted version electronically, a complete version of the pleading, including all Confidential Information, shall be filed in the traditional manner with the Clerk of Court under seal in accordance with paragraph 8 of this Court's Electronic Case Filing Policies and Procedures. The sealed envelope (which shall contain a paper copy of the complete filing) shall bear the caption of this action and a notice in the following form:

**CONFIDENTIAL INFORMATION**

**This envelope, which is being filed under seal, contains documents that are subject to a Protective Order governing the use of confidential discovery material.**

**No Prejudice**

13. Producing or receiving Confidential Information or Confidential Attorney Eyes Only Information, or otherwise complying with the terms of this Protective Order, shall not (a) operate as an admission by a party that any particular Confidential Information or Confidential Attorney Eyes Only Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the

production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the Court that particular materials be produced; (d) prejudice the rights of a party to apply to the Court for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

**Conclusion of Litigation**

14. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order shall destroy or return to the producing party all materials and documents containing Confidential Information or Confidential Attorney Eyes Only Information, and to certify to the producing party such destruction or return. However, outside counsel for any party shall be entitled to retain all court papers, trial transcripts, exhibits and attorney work product provided that such materials are maintained and protected in accordance with the terms of this Protective Order.

**Other Proceedings**

15. By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or parties subject to this Protective Order that may be subject to a motion to disclose another party's information designated Confidential pursuant to this Protective Order, shall promptly notify that party of the

motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

**Remedies**

16.  This Protective Order will be enforced by the sanctions set forth in Fed. R. Civ. P. 37(b) and such other sanctions as may be available to the Court, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person(s) or party injured by a violation of this Protective Order are fully reserved.

17.  Any party may petition the Court for good cause shown, in the event such party desires relief from a term or condition of this Protective Order.

United States District Court for the Western District of Pennsylvania

**Lisa Pupo Lenihan
U.S. Magistrate Judge**

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARDIAC TELECOM CORPORATION. and CRITICARE SYSTEMS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>CARDIONET, INC.,<br><br>Defendant. | Civil Action No. 04-1630<br><br>The Honorable Joy Flowers Conti<br>Magistrate Judge Lisa Lenihan |

## CONFIDENTIALITY AGREEMENT FOR EXPERT, CONSULTANT, OR EMPLOYEE OF ANY PARTY

I _____ hereby affirm that:

1. Information, including documents and things designated as "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL ATTORNEY EYES ONLY INFORMATION", as defined in the Protective Order entered in the above-captioned action ("Protective Order") is being provided to me pursuant to the terms and restrictions of the Protective Order.

2. I have been given a copy of the Protective Order and I have read it.

3. I am familiar with the terms of the Protective Order and I agree to comply with and be bound by such terms.

4. I submit to the jurisdiction of this Court for enforcement of the Protective Order.

5.  I agree not to use any Confidential Information or Confidential Attorney Eyes Only Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose such information to persons other than those specifically authorized by said Protective Order, without the express written consent of the party who designated such information as Confidential, or by order of this Court. I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

6.  I understand that I am to retain all documents or materials designated as or containing Confidential Information or Confidential Attorney Eyes Only Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including copies thereof, and any writings prepared by me containing any Confidential Information or Confidential Attorney Eyes Only Information are to be returned to counsel who provided me with such documents and materials.

Date:_____        _____